UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

King Buachee Lee,

Petitioner,

vs.                                                    REPORT AND RECOMMENDATION

State of Minnesota,

Respondent.            Civ. No. 06-935 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Petition of King Buachee Lee for a Writ of Habeas Corpus under Title 28 U.S.C. §2254.  For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

II. Factual and Procedural Background

---

[1]Rule 4 provides that, "[i]f  it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In 1990, the Petitioner was convicted, in the Minnesota State District Court for Ramsey County, on three Counts of criminal sexual conduct. He was sentenced to 212 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility, in Stillwater, Minnesota.

Following his conviction, the Petitioner filed a direct appeal with the Minnesota Court of Appeals, claiming that: (1) he was deprived of his Sixth Amendment right to compulsory process; (2) he was deprived of his Fourteenth Amendment rights to Due Process and Equal Protection; (3) he was deprived of his Sixth Amendment right to effective assistance of counsel at Trial; and (4) the Trial Court abused its discretion at sentencing. See, Petition, p. 3, at §9, Docket No. 1. Although the State Court of Appeals concluded that the Petitioner's conviction should be overturned, and he should be granted a new Trial, the Minnesota Supreme Court subsequently reversed that decision, and affirmed the Petitioner's conviction and sentence. See, State v. Lee, 494 N.W.2d 475 (Minn. 1992).

The Petitioner later filed a Motion for Post-Conviction relief in the Trial Court, which was denied on October 27, 2004. Although the Petitioner claims that he appealed the Trial Court's denial of his Post-Conviction Motion, Petition, p. 4, at §11(c), the Petitioner has not provided any information as to any such appeal -- i.e.,

- 2 -

the identity of the State Courts to which he allegedly appealed, the issues that he allegedly raised on appeal, or how or when the alleged appeal was decided -- and we are unable to verify that he actually did appeal.[2]

The present Petition lists two grounds for relief: (1) that the Petitioner was deprived of his Sixth Amendment right to compulsory process, because the Trial Court would not allow the Petitioner to introduce certain testimony from the husbands of the crime victims; and (2) that the Petitioner was deprived of his Fourteenth Amendment rights to Due Process and Equal Protection, because the prosecution was allowed to present certain expert testimony regarding "the likelihood of persons of a certain ethnic origin to commit certain criminal acts." Petition, p. 5, at §12. As we more fully address, we find that the Petition must be summarily dismissed, without reaching the merits of any of the Petitioner's claims for relief, because the current Petition was not filed before the expiration of the one-year statute of limitations that applies to Federal Habeas Corpus Petitions.

---

[2]There is nothing on Westlaw which suggests that the Petitioner filed any appeal in connection with his alleged Post-Conviction Motion.

III. <u>Discussion</u>

A.    <u>Standard of Review</u>.  On April 24, 1996, former President Clinton signed

the Antiterrorism and Effective Death Penalty Act, which effected significant changes

in the Federal Habeas Corpus statutes.  One of those changes was incorporated into

Title 28 U.S.C. §2244(d), which established a one-year statute of limitations for

Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal

Court's review of a State Court conviction or sentence.  The new provision reads as

follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction, or sentence, ordinarily must file his Petition within one year after his Judgment of conviction "became final by the conclusion of direct review." Title 28 U.S.C. §2244(d)(1).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See, Title 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See, Title 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-judgment relief, is counted towards the one-year limitation period. See, Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

B.    Legal Analysis. Here, there is nothing on the face of the Petition to suggest that Clauses (B), (C), or (D) of Section 2244(d)(1), would have any applicability. In other words, there is no indication that the State created any impediment that prevented the Petitioner from seeking Federal Habeas relief within the prescribed one-year limitation period, nor is there any indication that the Petitioner's claims are based on any newly-recognized -- and retroactively applicable

-- constitutional right, or any new evidence that could not have been discovered earlier.  Thus, the one-year statute of limitations began to run in this case, pursuant to Section 2244(d)(1)(A), when the Petitioner's Judgment of Conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

For purposes of Section 2244(d)(1)(A), the Petitioner's Judgment of Conviction did not become final on direct review until the expiration of the deadline for filing a Petition for a Writ of Certiorari with the United States Supreme Court.  See, Title 28 U.S.C. §2244(d)(1)(A)("The limitation period shall run from * * * the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.")[emphasis added]; Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999)(The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").  Certiorari Petitions must be filed within ninety (90) days after a final adjudication by a State's highest Court.  See, Rule 13.1, Rules of the Supreme Court

of the United States.  Thus, for purposes of Section 2244(d)(1)(A), the Petitioner's

Judgment of Conviction became final 90 days after the Minnesota Supreme Court

upheld his conviction on direct appeal.

The Minnesota Supreme Court affirmed the Petitioner's conviction and

sentence on December 31, 1992, so it would appear that the Judgment in his criminal

case became final, for purposes of the Federal statute of limitations, 90 days after that

date, which was March 31, 1993.

However, the Eighth Circuit Court of Appeals has held that the statute of

limitations set forth at Section 2244(d)(1) never begins to run any earlier than the date

when the statute was enacted, which was April 24, 1996.  See, Nichols v. Bowersox,

172 F.3d 1068, 1073 (8th Cir. 1999).   Therefore, while it would appear that the

Petitioner's conviction became final on March 31, 1993, the statute of limitations did

not actually begin to run until April 24, 1996.  It follows that the one-year limitations

period expired, in this case, on April 24, 1997.  Id.; see also, Ford v. Bowersox, 178

F.3d 522, 523 (8th Cir. 1999)("In applying § 2244(d)(1) to cases where, as here, the

judgment became final before the enactment of AEDPA on April 24, 1996, this Court

has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas

petitions.").

However, the Petitioner did not file his present Petition until March 1, 2006, which was nearly ten (10) years after the statute of limitations began to run, on April 24, 1996, and nearly nine (9) years after the limitation period expired on April 24, 1997.  Therefore, it is readily apparent that the present Petition is time-barred, unless it can be saved by the tolling provisions of Section 2244(d)(2).

The tolling provisions of Section 2244(d)(2) cannot aid the Petitioner, however, because it clearly appears that the statute of limitations had already expired before he filed his Post-Conviction Motion in the Trial Court.  Although the Petitioner has not disclosed the exact date when he filed his Post-Conviction Motion, his Petition does indicate that the Motion was denied by the Trial Court on October 27, 2004.  In light of the late date when the Motion was denied, it is obvious that the Petitioner must not have filed his Post-Conviction Motion until well after April 24, 1997, when the Federal statute of limitations expired in this case.[3]  In other words, the Petitioner's Post-Conviction Motion could not have tolled the statute of limitations, because the limitations period expired before that Motion was filed.  See, Painter v. Iowa, supra at 1256 ("[B]y the time [the petitioner] filed his state court application [for post-

---

[3]According to the Ramsey County Clerk of Court, the Petitioner's State Post-Conviction Motion was filed on July 29, 2004.

conviction relief] * * * there was no federal limitations period remaining to toll."); see also, <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(State Post-Conviction Motion filed after the §2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled.").

The Petitioner may believe that his State Post-Conviction Motion did not merely toll the running of the statute, but somehow "reset the clock," giving him a fresh new one-year limitation period that did not begin to run until all of his State Post-Conviction proceedings were complete. Such a belief, however, would be inaccurate. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)[citations omitted].[4]   Thus, the tolling

---

[4]As the Court explained, in <u>Sorce v. Artuz</u>, 73 F. Supp.2d 292, 294 (E.D.N.Y. 1999):

> The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.   Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.   It

(continued...)

provision of Section 2244(d)(2) cannot help the Petitioner here, because he has not

shown that he filed his State Post-Conviction Motion before the one-year statute of

limitations expired on April 24, 1997.[5]

In sum, since the Petitioner did not file his Federal Habeas Petition before the

statutory deadline prescribed by Section 2244(d)(1), his Petition is time-barred.

Accordingly, we recommend that this action be summarily dismissed, with prejudice,

pursuant to Rule 4 of the Rules Governing Section 2254 Cases.   We further

---

[4](...continued)
        cannot revive a time period that has already expired.
See also, Lucidore v. New York State Div. of Parole, 1999 WL 566362 at * 4 (S.D.
N.Y., August 3, 1999), aff'd, 209 F.3d 107 (2nd Cir. 2000), cert. denied, 532 U.S. 873
(2000)("Section 2244(d) does not state that the AEDPA's one-year statute begins to
run anew after decision on a state collateral attack; such an interpretation would allow
an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by
bringing a belated state collateral attack."); Broom v. Garvin, 1999 WL 246753 at *1
(S.D.N.Y., April 26, 1999)("[T]he filing of a collateral attack in the state court tolls
the AEDPA statute of limitations during the period that it is pending, but it does not
commence a new limitations period").

[5]We further note that, even if the statute of limitations had been tolled at all times
prior to, and during the pendency of, the Petitioner's State Post-Conviction Motion,
it appears that his current Federal Habeas Corpus Petition would still be time-barred,
because the Petitioner has not shown that he filed his current Petition within one year
after the date when his State Post-Conviction proceedings were fully completed.

recommend that the Petitioner's pending application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1.     That the Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied, as moot.

2.     That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily dismissed.


Dated:  March 7, 2006                     _s/Raymond L. Erickson_
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 24, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply

- 12 -

with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 24, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.