## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

KING BUACHEE LEE,

               Petitioner,

v.                                           **ORDER**
                                            Civil File No. 06-935 (MJD/RLE)


STATE OF MINNESOTA,

               Respondent.


_____

King Buachee Lee, pro se.

Mark Nathan Lystig, Assistant Ramsey County Attorney, Counsel for Respondent.
_____

## I.  INTRODUCTION

This matter is before the Court on Petitioner King Buachee Lee's ("Petitioner") Request for a Certificate of Appealability and application to proceed in forma pauperis.  Petitioner filed a habeas petition challenging the validity of his detention by the State of Minnesota in accordance with 28 U.S.C. § 2254. [Docket No. 1.]  On March 7, 2006, the Honorable Raymond L. Erickson, Chief United States Magistrate Judge, recommended that the petition be summarily dismissed. [Docket No. 4.]  Petitioner filed an objection to the Magistrate Judge's Report and Recommendation.

[Docket No. 5.]   On April 17, 2006, this Court adopted the Report and Recommendation and dismissed the petition.   [Docket No. 7.]

## II.   BACKGROUND

In 1990, Petitioner was convicted of three counts of criminal sexual conduct.   He was sentenced to 212 months in prison, and is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.   Following his conviction, Petitioner appealed to the Minnesota Court of Appeals, arguing that: 1) he was deprived of his Sixth Amendment right to compulsory process; 2) he was deprived of his Fourteenth Amendment rights to Due Process and Equal Protection; 3) he was deprived of his Sixth Amendment right to effective assistance of counsel at trial; and 4) the trial court abused its discretion at sentencing.   The Minnesota Court of Appeals concluded that his conviction should be overturned and that he should be granted a new trial, but the Minnesota Supreme Court reversed the Court of Appeals and affirmed Petitioner's conviction and sentence.   See State v. Lee, 494 N.W.2d 475 (Minn. 1992).

In 2004, Petitioner filed a motion for post-conviction relief in Minnesota State District Court, which was denied on October 27, 2004. Petitioner claimed to have appealed the denial of his post-conviction petition, but he provided no information related to such appeal and Chief

Magistrate Judge Erickson was unable to verify that Petitioner did, in fact, take an appeal.

On March 1, 2006, Petitioner filed his Petition, alleging that: 1) he was denied his Sixth Amendment right to compulsory process, because the Trial Court would not allow the Petitioner to introduce certain testimony from the husbands of the crime victims; and 2) he was deprived of his Fourteenth Amendment rights to Due Process and Equal Protection, because the prosecution was allowed to present certain expert testimony regarding "the likelihood of persons of a certain ethnic origin to commit certain criminal acts."

Chief Magistrate Judge Erickson ultimately found that Petitioner failed to file the Petition before the expiration of the one-year statute of limitations as required by 28 U.S.C. § 2244(d)(1), and recommended that the matter be summarily dismissed. Petitioner objected to the Report and Recommendation of the Chief Magistrate Judge. [Docket No. 5]. On April 17, 2002, this Court adopted the Report and Recommendation and Ordered the matter summarily dismissed. [Docket No. 7]. Petitioner now asks the Court to issue a COA on the two grounds he alleged in his Petition. [Docket No. 9-10].

**II.      DISCUSSION**

        **A.      Request for a Certificate of Appealability**

A prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue.  See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir.1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253").  Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists, "that different courts could resolve the issues differently," or that the issues otherwise warrant further review.  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), cert. denied, 525 U.S. 834 (1998).

When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies

that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In seeking a COA, Petitioner does not contest the finding that he failed to file the Petition within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).  Rather, he merely restates his underlying claims in his application for a COA.  After again considering the record in this matter, the Court deems the issues raised by Petitioner are not debatable among reasonable jurists, and Petitioner's request for a COA must be denied.

### B.    Application to Proceed Without Prepayment of Fees

Petitioner seeks permission to proceed without prepayment of fees. [Docket No. 11].  Petitioner, however, has submitted partial payment of the appeals fee in the amount of $135.00.    [Docket No. 12].   Petitioner's application reveals that in the six-month period immediately preceding the filing of the notice of appeal, Petitioner had average monthly deposits of $430.00 and an average monthly balance of $61.00.   Petitioner indicates that: 1) he earns $100.00 - $160.00 biweekly from the Minnesota Department of Corrections; 2) he receives $500.00 - $600.00 per year from his spouse; 3) he has cash or a checking account, but he does not list the total amount; and 4) that he has financial obligations related to child support in the amount of $120.00 - $180.00 per month.

Based on the information provided in Petitioner's application, it appears that he has an annual income of no more than $5,160.00 offset by monthly obligation in the amount of $120.00 - $180.00. The 2006 poverty guidelines indicate that the poverty level for an individual is $9,800. <u>See</u> Vol. 71 Fed. Reg. 3848-49 (January 24, 2006). Based on the representations in Petitioner's application, the Court finds that Petitioner is financially eligible for IFP status. Plaintiff is thus excused from paying the balance of the appeals fee.

Accordingly, based upon the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's request for a Certificate of Appealability [Docket No. 10] is **DENIED**;

2. Petitioner's Application to Proceed Without Prepayment of Fees [Docket No. 11] is **GRANTED**.


Dated: July 10, 2006          <u>s / Michael J. Davis</u>
                              Michael J. Davis
                              United States District Court Judge